UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**OCTAVIUS JORDAN**,

                Plaintiff,

v.                               **Case No. 14-cv-987-pp**

**MILWAUKEE COUNTY HOUSE OF CORRECTION,**
**ARMOR CORRECTIONAL HEALTH SERVICE, INC.,**
**MR. HAFEMANN,**[1]
**UNKNOWN, sued as McKenzie or Hernandez Asst Sup,**[2]
**MRS. GOSS,**[3]
**DR. GABLE,**
**FLOYD ELFMAN,**[4]
**NURSE MIA, sued as nurse Mia or Mai,**[5]
**UNKNOWN, sued as Nurse for Armor Health Services,**
**And JOHN/JANE DOE,**

                Defendants.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITIONS AND ISSUING SECOND AMENDED SCHEDULNG ORDER

---

The plaintiff has filed a motion to take non-stenographic depositions due to his inability to pay for them. Dkt. No. 28. He seeks the court's assistance in setting up a time, place, and means to depose the defendants. Dkt. No. 28-1. According to the plaintiff, he submitted a proposal to the defendants to hold the depositions at Green Bay Correctional Institution, and the parties are in the process of working out the details. The plaintiff believes that the only way

---

[1] Mr. Hafemann is correctly identified as "Superintendent Michael Hafemann."
[2] Unknown, sued as McKenzie or Hernandez Asst Sup is correctly identified as "Assistant Superintendent Jose Hernandez."
[3] Mrs. Goss is correctly identified as "Officer Rebecca Goss."
[4] Floyd Elfman is correctly identified as "Nurse Practitioner Floyd Elftman."
[5] Nurse Mia is correctly identified as "Nurse Mai Xiong."

1

he can have a fair chance of succeeding in his case is to depose the defendants and obtain expert witnesses. He also states that he may need more time for discovery to work out an agreement with the defendants for handling depositions. (The deadline for the completion of discovery was July 20, 2015, and the deadline for filing dispositive motions was August 21, 2015, Dkt. 27).

The defendants opposed the plaintiff's motion. Dkt. No. 30. Defendants Armor Correctional Health Service, Inc., Dr. Gable[6], Nurse Practitioner Floyd Elftman, and Nurse Mai Xiong (Armor defendants) ask the court to limit the scope of allowable discovery to written discovery and to enter an order denying the plaintiff's petition for depositions. The Armor defendants contend that, contrary to Federal Rule of Civil Procedure 26(b)(2)(C), the discovery sought is unreasonably cumulative or duplicative as it has already been obtained through the plaintiff's medical records. They contend that the plaintiff had ample opportunity to obtain the information necessary to prosecute this case through their responses to the plaintiff's requests for production of documents--that is, a copy of his medical records. The Armor defendants further contend that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving the issues, as illustrated by the timeline and summary of the medical care provided to the plaintiff during the relevant time period, see Affidavit of Michael P. Russart, Exh. 1, Dkt. 31-1.

---

[6] As of July 16, 2015, defendant Dr. Gable is separately represented by Attorney Maria K. Schneider, see Dkt. 33.

2

Defendants Milwaukee County House of Corrections, Superintendent Michael Hafemann, Assistant Superintendent Jose Hernandez, and Officer Rebecca Goss (County defendants) contend that the plaintiff's requests should be denied based on his failure to comply with the Civil Local Rules and the Federal Rules of Civil Procedures. Dkt. No. 35. The County defendants also contend that the court should use its broad discretion to tailor discovery to limit the unnecessary, burdensome depositions from taking place at this late stage and at the defendants' expense.

In general, parties may obtain discovery regarding any matter which is relevant, pursuant to Federal Rule of Civil Procedure 26(b)(1). The court must, on motion or on its own, limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure or Local Rules if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(C).

In addition to his request to record the deposition by non-stenographic means, which Federal Rule of Civil Procedure permits, see Fed. R. Civ. P. 30(b)(3), the plaintiff's motion seeks the court's help with "setting up a time, place, and means to depose my defendants in this case." (Dkt. No. 28-1.)

Presumably, then, the court would arrange for an officer to conduct the deposition. See Fed. R. Civ. P. 30(b)(5), 28(a). The plaintiff seeks the court's assistance because he lacks funds to pay for depositions on his own. However, the *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the court to use public funds for deposition costs. The statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs. Kyles v. Mathy, 2010 WL 3024494, at *3 (C.D. Ill. Aug. 2, 2010) (citing Wright v. United States, 948 F. Supp. 61, 62 (M.D. Fla. 1996) (collecting cases). Nor is the court obligated to finance the plaintiff's litigation. See McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987) (district court had no statutory authority for waiving the payment of witness fees under 28 U.S.C. § 1915, and right of access to the court does not independently include a waiver of witness fess so that the indigent litigant can present his case fully to the court).

Aside from the cost issue, the plaintiff (not the court) would need to arrange for his depositions and, as a prisoner, the plaintiff faces significant challenges in satisfying the formal requirements of Federal Rule of Civil Procedure 30. Moreover, the plaintiff has not shown that he cannot obtain the information he seeks through the use of other methods of discovery, specifically, interrogatories and production of documents requests. See McNeil, 831 F.2d at 1374 n.3. For these reasons, the court will deny the plaintiff's motion to conduct depositions.

Under the circumstances, the court will allow the plaintiff an additional 90 days from the prior deadline—that is, until October 26, 2015—to conduct

4

discovery. The court will move the deadline for filing dispositive motions forward to December 4, 2015. (The court already has extended the deadline once, to August 26, at the request of some of the defendants.)

## Defendants Unknown and John/Jane Doe

The plaintiff must identify the Unknown and Doe defendants by October 26, 2015, or the court will dismiss those defendants. The plaintiff should use discovery to try to learn their identities. If he has trouble, he should notify the court by October 26, 2015, and the court will "assist him, within reason, to make the necessary investigation." See Billman v. Indiana Dep't of Corr., 56 F3.d 785, 790 (7th Cir. 1995).

The court **DENIES** the plaintiff's motion to take depositions (Dkt. No. 28).

The court **AMENDS** the Scheduling Order as follows: the deadline for the completion of discovery is **October 26, 2015**, and the deadline for filing dispositive motions is **December 4, 2015**.

The court **ORDERS** that the plaintiff shall identify the Unknown and Doe defendants, or inform the court why he can't identify them, by **October 26, 2015**, or they will be dismissed.

The court **ORDERS** that the clerk's office and parties correctly identify defendant Mr. Hafemann as "Superintendent Michael Hafemann"; defendant Unknown, sued as McKenzie or Hernandez Asst Sup, as "Assistant Superintendent Jose Hernandez"; defendant Mrs. Goss as "Officer Rebecca Goss"; defendant Floyd Elfman as "Nurse Practitioner Floyd Elftman"; and defendant Nurse Mia as "Nurse Mai Xiong."

Dated at Milwaukee this 25th day of August, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge